```
 1              IN THE UNITED STATES DISTRICT COURT

 2         MIDDLE DISTRICT OF TENNESSEE, COOKEVILLE DIVISION

 3    ----------------------------------------------------------

 4    ILIGHT TECHNOLOGIES,         )

 5              Plaintiff,         )

 6                                 )

 7    v.                           )  CASE NO. 2:06-0025

 8                                 )

 9    FALLON LUMINOUS PRODUCTS,    )

10              Defendant.         )

11    ----------------------------------------------------------

12                     TRANSCRIPT OF PROCEEDINGS

13                           VOLUME IX

14    ----------------------------------------------------------

15

16    DATE:              April 30, 2009

17    TIME:              9:00 A.M.

18    BEFORE:            HONORABLE WILLIAM J. HAYNES, JR.

19                       And a Jury

20    ----------------------------------------------------------

21

22    COURT REPORTER:    PEGGY G. TURNER
                         OFFICIAL COURT REPORTER
23                       801 BROADWAY, ROOM A-837
                         NASHVILLE, TENNESSEE 37203
24                       PHONE:  (615)726-4893
                         Peggy_Turner@tnmd.uscourts.gov
25
```

```
 1                    A P P E A R A N C E S:

 2   For the Plaintiff:   Timothy J. Vezeau
                          Stephen Price
 3                        Melissa Hunter
                          John Scruton
 4                        William Ferrell

 5   For the Defendant:   Mark Kittredge
                          Jonathan Rose
 6                        Samuel Lipshie
                          Brandy McMillion
 7                        Douglas Sawyer

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
11:42:47  1                      P R O C E E D I N G S
11:42:50  2             THE COURT:  Counsel, I have the following note from
          3   the jury:
11:42:55  4             Could we receive a copy of a timeline presented in the
          5   plaintiff's closing argument?
11:43:02  6             My proposed response to this is that the timeline
          7   would be what would be referred to as a visual aid and was not
          8   admitted into evidence.  And to the extent that it was shown,
          9   it was that visual aids are to assist them in understanding
         10   the evidence, and that they will have to rely upon their own
         11   recollection of the evidence because the visual aid itself is
         12   not evidence.  Any objection?
11:43:31 13             MR. VEZEAU:  Not from the plaintiff, Your Honor.
11:43:36 14             THE COURT:  You can bring the jury in, Mr. Marshal.
         15             Ask one of the Marshals to bring the jury in.
11:44:00 16             (Jury in.)
11:44:18 17             THE COURT:  You can be seated.  Ladies and gentlemen
         18   of the jury, the Court has shared the note that you sent me
         19   with counsel and the parties.  Your note is:
11:44:29 20             Could we receive a copy of the timeline presented in
         21   the plaintiff's closing argument.
11:44:35 22             What you saw -- the timeline is what we refer to as a
         23   visual aid.  A visual aid is something that counsel uses to
         24   assist the jury in following the evidence.  However, the
         25   visual aid itself is not evidence and, therefore, I can only
```

1    tell you to rely upon your recollection of the evidence that
                 2    was referred to during the presentation of the visual aid, but
                 3    I cannot give you the visual aid because the visual aid itself
                 4    is not evidence.  Does that satisfactorily answer your
                 5    question?
    11:45:11     6              I will send you back to retire and let you all tell
                 7    the Court when you want to take lunch.  If you all want to
                 8    work during lunch, we can send out for lunch or if you want to
                 9    -- whenever you all want to take a lunch break, you will
                10    probably have to go under the escort of a Marshal at this
                11    point, and he will take you to the designated place that you
                12    all want to go.
    11:45:35    13              Send a note through the Marshal as to what you all
                14    want to do.  You are free to return to the jury room.
    11:45:54    15              (Jury out.)
    11:46:01    16              THE COURT:  Any responses to -- any objections to what
                17    the Court said?
    11:46:04    18              MR. VEZEAU:  No, Your Honor.
    11:46:05    19              MR. KITTREDGE:  No, Your Honor.
    11:47:12    20              THE COURT:  We're in recess.
    12:12:50    21              (Recess.)
    12:12:54    22              THE COURT:  All right.  This is the note I have
                23    received:
    12:13:00    24              We would like to order pizza and mild wings.
    12:13:05    25              If you want me to read the rest of the menu, I will.

```
 1   It looks like they are working through lunch, obviously.  But
 2   you all can go, and I would suggest that you all come back
 3   around 3:00.  We'll just sort of see where we are.  But if you
 4   all want to know the rest of the menu, I will give it to you.
```
14:05:37   5          (Recess until 2:05.)
14:05:38   6          THE COURT:  I have the following note:
14:05:41   7          We have come to a decision.
14:05:45   8          I'm going to ask the Marshal to bring the jury in.  I
```
 9   will review with the foreperson the note that I have been
10   handed, ask if they have made a decision, have the verdict
11   form handed to me, I will review it and return it to the
12   foreperson to have it read.  I will then poll the jury and
13   then give them, before they leave, the information under our
14   local rule that no one may contact them regarding their
15   service as a juror in this case without an order of the Court.
```
14:08:29  16          You can bring the jury in, Mr. Marshal.
14:08:29  17          (Jury in.)
14:08:53  18          THE COURT:  You can be seated.  Ladies and gentlemen
```
19   of the jury, I received of a note of your foreperson that you
20   have come to a decision.  Is that correct?
```
14:09:00  21          THE FOREPERSON:  Yes.
14:09:02  22          THE COURT:  If you would pass that verdict form to the
```
23   Marshal.
```
14:09:16  24          All right. I'm going to return the verdict form to
```
25   the foreperson, ask the foreperson to read each question and
```

1   the jury's response thereto.
14:09:28        2           THE FOREPERSON: Question. Has iLight established by
                3   a preponderance of the evidence that Fallon infringed any of
                4   the following claims of iLight's '238 Patent?
14:09:39        5           Claim 8.  Yes.
14:09:42        6           Claim 25.  Yes.
14:09:44        7           Has iLight established by a preponderance of the
                8   evidence that Fallon infringed any of the following claims of
                9   iLight's '262 Patent?
14:09:52       10           Claim 1.  Yes.
14:09:56       11           Claim 8.  Yes.
14:09:57       12           Has iLight established by a preponderance of the
               13   evidence that Fallon infringed any of the following claims of
               14   iLight's '970 Patent?
14:10:06       15           Claim 1.  Yes.
14:10:10       16           Claim 5.  Yes.
14:10:14       17           Claim 8.  Yes.
14:10:16       18           Has Fallon established by clear and convincing
               19   evidence that any of the following claims of iLight's '238
               20   Patent is invalid as anticipated?
14:10:24       21           Claim 8.  No.
14:10:28       22           Claim 25.  No.
14:10:31       23           Has Fallon established by clear and convincing
               24   evidence that any of the following claims of iLight's '238 is
               25   invalid as obvious?

14:10:38  1            Claim 8.  No.
14:10:40  2            Claim 25.  No.
14:10:42  3            Has Fallon established by clear and convincing
          4   evidence that any of the following claims of iLight's '238
          5   Patent is invalid as indefinite?
14:10:49  6            Claim 8.  No.
14:10:52  7            Claim 25.  No.
14:10:54  8            Has Fallon established by clear and convincing
          9   evidence that any of the following claims of iLight's '262
         10   Patent is invalid as anticipated?
14:11:03 11            Claim 1.  No.
14:11:04 12            Claim 8.  No.
14:11:07 13            Has Fallon established by clear and convincing
         14   evidence that any of the following claims of iLight '262
         15   Patent is invalid as obvious?
14:11:13 16            Claim 1.  No.
14:11:15 17            Claim 8.  No.
14:11:17 18            Has Fallon established by a clear and convincing
         19   evidence that any of the following claims of iLight's '262
         20   Patent is invalid as indefinite?
14:11:28 21            Claim 1.  No.
14:11:30 22            Claim 8.  No.
14:11:35 23            Q.    Has Fallon established by a clear and
         24   convincing evidence that any of the following claims of
         25   iLight's '970 is invalid as anticipated?

```
14:11:44   1              Claim 1.  No.
14:11:45   2              Claim 5.  No.
14:11:46   3              Claim 8.  No.
14:11:49   4              Has Fallon established by clear and convincing
           5    evidence that any of the following claims of iLight's '970
           6    Patent is invalid as obvious?
14:11:57   7              Claim 1.  No.
14:11:58   8              Claim 5.  No.
14:11:59   9              Claim 7.  No.
14:12:01  10              Has Fallon established by clear and convincing
          11    evidence that any of the following claims of iLight's '970
          12    Patent is invalid as indefinite?
14:12:08  13              Claim 1.  No.
14:12:09  14              Claim 5.  No.
14:12:13  15              Claim 8.  No.
14:12:16  16              THE COURT:  Is there an additional question on
          17    willfulness?
14:12:20  18              THE FOREPERSON:  Shall I read the damages?
14:12:22  19              THE COURT:  Yes.
14:12:24  20              THE FOREPERSON:  If you have found infringement by
          21    Fallon of any one or more claims of the '238 Patent, '262
          22    Patent, and/or '970 Patent, and if you have found that Fallon
          23    failed to prove that each of such infringed claims is invalid
          24    and/or unenforceable, then state the amount of damages, if
          25    any, you find that Fallon should pay to iLight for Fallon's
```

```
 1   infringements.
 2           We find $2.0 million.
 3           Willfulness.
 4           If you have found infringement of any of the claims of
 5   the patents, has iLight established by clear and convincing
 6   evidence that such infringement was willful?  Yes.
 7           THE COURT:  All right.  If you will return the verdict
 8   form to the Marshal.
 9           Upon your oath as a juror, is that your verdict, Juror
10   Number 1?
11           THE JUROR:  Yes.
12           THE COURT:  Juror Number 2?
13           THE JUROR:  Yes.
14           THE COURT:  Juror Number 3?
15           THE JUROR:  Yes.
16           THE COURT:  Juror Number 4?
17           THE JUROR:  Yes.
18           THE COURT:  Juror Number 5?
19           THE JUROR:  Yes.
20           THE COURT:  Juror Number 6?
21           THE JUROR:  Yes.
22           THE COURT:  Juror Number 8?
23           THE JUROR:  Yes.
24           THE COURT:  All right.  Ladies and gentlemen, the
25   Court will enter judgment in accordance with your verdict.
```

```
 1    The Court is going to advise you that under our rules no one

 2    may contact you regarding your service as a juror in this

 3    court without an order of the Court.  And if anybody attempts

 4    to do so, if you will call the United States Marshal's Office,

 5    the Court will take appropriate action.

 6              The Court will ask you, however, to remain in this

 7    small room here for just a while.  There is something I need

 8    to go over with counsel and the parties.  So you are not

 9    excused yet.  If you will just wait there a few minutes.

10              (Jury out.)

11              THE COURT:  I just wanted to get on the record, do the

12    parties agree that the amount of damages for the willfulness

13    finding of the jury is an issue for the Court?

14              MR. VEZEAU:  Yes, Your Honor.  Any increase is for the

15    Court up to three times.  That's what the statute says.

16              THE COURT:  I just want to be sure.

17              MR. KITTREDGE:  That's correct, Your Honor.

18              THE COURT:  Okay.  If you will bring the jury back in.

19              (Jury in.)

20              THE COURT:  Ladies and gentlemen of the jury, you are

21    now free to go, but always with us there is a little

22    paperwork.  We need to give you your attendance letters for

23    your employment.

24              You are free to go.  Thank you.

25              THE CLERK:  All of them don't need one.  Their name is
```

|  | 1 | at the top. |
|---|---|---|
| 14:16:02 | 2 | THE COURT: Have we got everybody? Did we get |
|  | 3 | everybody? Okay. You are free to go. Thank you so much. |
| 14:16:30 | 4 | (Jury out.) |
| 14:16:34 | 5 | THE COURT: You all can be seated. Do you all want |
|  | 6 | any further argument on the issue of damages on the |
|  | 7 | willfulness finding? |
| 14:16:53 | 8 | MR. VEZEAU: Your Honor, it has been a long trial. I |
|  | 9 | think you heard the evidence. I'm happy to try to summarize |
|  | 10 | it for you again, but I don't think we really need to unless |
|  | 11 | it would be helpful for the Court. |
| 14:17:05 | 12 | THE COURT: I just want to give everybody an |
|  | 13 | opportunity. |
| 14:17:10 | 14 | MR. VEZEAU: No, I think the jury found willfulness |
|  | 15 | based on the evidence. We thought the evidence was clear and |
|  | 16 | convincing. I think the jury has found the same, that indeed |
|  | 17 | this conduct on the part of Fallon was deliberate, it was |
|  | 18 | willful, it was calculated to ignore iLight's rights, even |
|  | 19 | though iLight attempted early on to engage in the dialogue and |
|  | 20 | was ultimately forced a year later to file suit in order to |
|  | 21 | bring this conduct to some resolution, we know we have been |
|  | 22 | involved for some time in this litigation and tied up the |
|  | 23 | Court. |
| 14:17:45 | 24 | I believe the totality of the evidence certainly |
|  | 25 | supports an increase. And candidly, I believe the amount of |

| | |
|---|---|
| | 1  increase, if any, is solely in the Court's hands, where it |
| | 2  belongs. |
| 14:17:54 | 3  THE COURT:  All right. |
| 14:17:57 | 4  MR. KITTREDGE:  The jury has spoken, so there is no |
| | 5  question about willfulness to be considered at this point, |
| | 6  Your Honor, and I won't contest otherwise.  However, I do |
| | 7  believe my client's behavior has been reasonable.  Even Mr. |
| | 8  Cleaver testified that a reasonable person in the sign |
| | 9  industry could have drawn exactly the conclusions that Mr. |
| | 10 Nelson testified to that he did. |
| 14:18:19 | 11 I would also submit, Your Honor, that there is a |
| | 12 period for post-trial motions, and there are going to be some |
| | 13 here, and I would ask you to reserve this issue until we have |
| | 14 a final judgment, which will be after that post-trial motion |
| | 15 period. |
| 14:18:39 | 16 THE COURT:  Well, should the Court decide all matters |
| | 17 before we have the post-trial motion, so if there is any issue |
| | 18 on willfulness, that -- |
| 14:18:53 | 19 MR. KITTREDGE:  I don't think that is necessary or |
| | 20 even appropriate, Your Honor. |
| 14:18:58 | 21 MR. VEZEAU:  Your Honor, I'm not sure how the Court |
| | 22 approaches this in other cases.  We'll certainly be guided by |
| | 23 the Court.  There is also the issue of prejudgment interest, |
| | 24 which I know the Court has reserved on that.  So that's |
| | 25 another issue we ask -- I don't know if the Court wants |

briefing on that, if you need briefing on that, or if the Court just deals with that on its own.

THE COURT: Well, I'm familiar with prejudgment interest in the Sixth Circuit. I don't think I need any briefing. If you all feel you need briefing, I always give the lawyers an opportunity to have their say.

MR. VEZEAU: We had thought we were familiar with Your Honor's approach to prejudgment interest and had addressed that earlier on. We know the Court decided to leave that out, and we certainly were comfortable with that. So I'm comfortable with the Court just handling that.

MR. KITTREDGE: I think that exemplifies why I do think we need to brief this issue, Your Honor.

THE COURT: Prejudgment interest?

MR. KITTREDGE: Yes. We would like to brief that issue. I would like an opportunity to brief whether or not enhanced damages and willfulness are appropriate here, and there are a few other issues that will be addressed before we get to final judgment, and we should do all that in the papers.

THE COURT: With the jury's verdict, the issue is how much, isn't it?

MR. KITTREDGE: How much prejudgment interest?

THE COURT: No, on the punitive -- on the enhancement for the willfulness finding.

```
14:20:37   1              MR. KITTREDGE:  That's correct.
14:20:51   2              THE COURT:  Now, it seems to me that if we're talking
           3   about Rule 59 motions, I think the Court's judgment ought to
           4   be in it, that way the Rule 59 motion can raise any of the
           5   issues in the Court's judgment is to have only a portion
           6   entered and not the other.  Now, if the issue is prejudgment
           7   interest, I will allow you all to brief that, because -- or
           8   the Court -- that could be part -- whatever the Court does on
           9   prejudgment interest could be raised in the motion to alter or
          10   amend if the defendant is not satisfied.
14:21:42  11              MR. KITTREDGE:  I understand what you're saying, Your
          12   Honor.
14:21:54  13              THE COURT:  I'm inclined to go ahead and decide the
          14   issues and then, if this is any -- I mean, given the fact that
          15   there are going to be post-trial motions anyway, as you
          16   stated, then all those issues can be raised in post-trial
          17   motions, and we will deal with them at one time.
14:22:14  18              MR. KITTREDGE:  I understand what you're saying.
14:22:17  19              THE COURT:  Is there any objection?
14:22:19  20              MR. VEZEAU:  Certainly no objections, Your Honor.  The
          21   other issue is injunctive relief, which, of course, is
          22   reserved to the Court.  In these cases, we think it is
          23   appropriate, and would like to -- I think in that instance we
          24   probably should submit something to the Court on that so the
          25   Court can take a look at that and see if an injunction is
```

```
 1    appropriate.
 2         THE COURT:  Well, in light of the evidence of
 3    continuing production, and the issue -- and the jury's finding
 4    on willfulness, the Court believes that an award of injunctive
 5    relief is appropriate.
 6         MR. VEZEAU:  Thank you, Your Honor.
 7         THE COURT:  Now, as to the scope of the -- there was
 8    an issue raised earlier concerning patent laws not extending
 9    beyond the United States, which is true, but it says -- the
10    Supreme Court decision quoted by the federal circuit says,
11    wholly outside the United States.  So that -- and given the
12    fact that the statute prohibits importing means that any
13    decisions from the Court's perspective, an act done within the
14    United States would be subject to injunctive relief because
15    the defendant is in the United States.
16         So if the parties want time to draft a proposed order
17    on injunctive relief, I will give you all time to do it, but
18    in light of the proof and the jury's findings, I think
19    injunctive relief is appropriate.
20         MR. VEZEAU:  Thank you, Your Honor.  We will draft a
21    draft order and submit it to the defendants.
22         THE COURT:  Because of the potential extraterritorial
23    effect, I think I will let the parties have an opportunity to
24    comment on that.
25         MR. VEZEAU:  Yes, Your Honor.  Of course.
```

14:24:13   1            MR. KITTREDGE:  Your Honor, can I address the issue
          2    about the injunction briefly?  As Mr. Vezeau said initially,
          3    he thought Your Honor should receive some submissions before
          4    you enter an injunction.  And if I might approach, the reason
          5    for that is because of the Supreme Court decision in 2006
          6    called <u>eBay v. MercExchange</u>, where the Supreme Court overruled
          7    the federal circuit and held an automatic injunction would be
          8    not appropriate, that the Court has to go through the
          9    traditional equitable balancing test to determine if it is
         10    appropriate, and has to specifically consider a couple of key
         11    factors which we just really have not had evidence on yet, and
         12    that is whether or not there is really irreparable harm to the
         13    plaintiff, and more importantly balancing the hardship between
         14    the parties.
14:25:05  15            This is why you do need to receive some submissions
         16    from us, and after you receive those submissions you will be
         17    able to decide, decide on those papers.  And you very well
         18    may, you may decide you want to hear a witness or two, or read
         19    a couple of declarations.  But we should pause and go through
         20    this process just a little bit more carefully to make sure we
         21    get it right.
14:25:29  22            THE COURT:  Well, when I say injunctive relief, the
         23    federal circuit case I was referring to talked about the
         24    extraterritorial effect of limitations on patent laws.  But
         25    the factors here are automatically considered by the Court.

If you are going to continue to produce these items that the
jury has found to be willful violations of the statute, it
seems to me that that is the type of repetitive conduct for
which the remedies at law have limitations.

14:26:15  5    Now, in terms of the balance between the plaintiff and
the -- and I think that a violation of the patent laws can
constitute irreparable injury, because it undermines the
system of protection for patents. I think the public interest
is served by original patents. So -- I mean, at least for me,
it's an automatic sort of analysis.

14:26:50  11   Now, as to whether the precise scope of it -- that's
the reason I'm giving the parties an opportunity to make
submissions on that, to make sure that it's tailored so that
it does not have -- it is not an attempt to extend
extraterritorially.

14:27:16  16   Now, since there are a lot of motions -- since there
are going to be these post-trial motions, to the extent that
you think that the Court should reconsider an award of
injunctive relief, you can make those contentions in the
post-trial motions.

14:27:30  21   MR. KITTREDGE: And then let me just say one more
thing and be very brief on it, Your Honor. Your instinctive
reaction as a judge --

14:27:37  24   THE COURT: No, it's not reaction, it's reaction to
sitting here hearing eight days of testimony, hearing closing

```
                1   arguments, hearing arguments on the motions for judgment as a

                2   matter of law.  I've read briefs on this, I have had

                3   submissions and oral argument on motions for summary judgment.

                4   I mean, I think I understand what the issues are.

   14:28:04     5             MR. KITTREDGE:  I believe you do, too, Your Honor.

                6   However, --

   14:28:09     7             THE COURT:  Not to mention the jury instructions.

   14:28:11     8             MR. KITTREDGE:  However, that was the way courts

                9   regularly granted permanent injunctions following trials up

               10   until 2006.  What the Supreme Court said in Ebay v.

               11   MercExchange is that you don't do that automatically at that

               12   point.  You do have to step back and do that balancing test.

               13   And I think you should take some time and let us submit those

               14   papers before you actually issue the injunction.

   14:28:40    15             THE COURT:  All I'm determining now is that I will

               16   award injunctive relief.  As to the scope of injunctive

               17   relief, I'm going to give the parties an opportunity to make

               18   their submissions.  But based upon the proof, and particularly

               19   the jury's finding on the proof, of willfulness, and the prior

               20   submissions that the defendant's products offended the

               21   patents, and the way the matter has proceeded, and the

               22   evidence at trial, it's hard for me to imagine any set of

               23   circumstances in which injunctive relief wouldn't occur.  Now,

               24   as to the exact wording of it and the scope of it, that's

               25   something that I will give the parties an opportunity to be
```

```
14:29:27   1   heard.
           2           MR. KITTREDGE:  I've heard what you have said, and I
           3   don't have anything to add.  So --
14:29:49   4           THE COURT:  Okay.  Well, I think the last remarks that
           5   I made, made explicit, were implicit in my earlier ruling on
           6   injunctive relief, that I have considered irreparable injury,
           7   remedy available at law, the balance of hardships, and the
           8   public interest.  As I said, I am reserving the precise scope
           9   of it pending the parties' submissions.  And of course, the
          10   parties are free to file post-judgment motions to ask the
          11   Court to revisit these issues.
14:30:29  12           Are there any other matters, either side?
14:30:31  13           MR. VEZEAU:  No, Your Honor.  We'll submit a draft
          14   order, as I said.  But I just wanted to take a moment to thank
          15   the Court and staff for the courtesy you have shown all sides
          16   in this case.  We appreciate it.
14:30:51  17           THE COURT:  As the saying goes, I get paid.
14:30:54  18                          * * * * *
14:30:54  19
14:30:54  20
14:30:54  21
14:30:54  22
14:30:54  23
14:30:54  24
14:30:54  25                       REPORTER'S CERTIFICATE
```

```
14:30:54  1
14:30:54  2           I, Peggy G. Turner, Official Court Reporter for
14:30:54  3   the United States District Court for the Middle
14:30:54  4   District of Tennessee, with offices at Nashville, do
14:30:54  5   hereby certify:
14:30:54  6           That I reported on the Stenograph machine the
14:30:54  7   proceedings held in open court on April 30, 2009, in the
          8   matter of ILIGHT V. FALLON, Case No. 2:06-0025; that said
          9   proceedings in connection with the hearing were reduced to
         10   typewritten form by me; and that the foregoing transcript,
         11   Pages 1271 through 1290, is a true and accurate record of said
         12   proceedings.
14:30:54 13           This the 21st day of May, 2009.
14:30:54 14
14:30:54 15
14:30:54 16
14:30:54 17                          _____
                                     S/Peggy G. Turner, RPR
14:30:54 18                          Official Court Reporter
         19
14:30:54 20
14:30:54 21
14:30:54 22
14:30:54 23
14:30:54 24
14:30:54 25
```